IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,306






EX PARTE JESSIE LYNN FISHER, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM CAUSE NO. W01-54952-S(A) IN THE 282ND JUDICIAL DISTRICT
COURT OF DALLAS COUNTY




 Per curiam.

O P I N I O N





 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07. Applicant was convicted of the felony
offense of possession of a firearm by a felon, and punishment was assessed at life
imprisonment. Applicant appealed, and his conviction was affirmed. Fisher v. State, No. 05-02-01361-CR (Tex. App. -- Dallas, delivered July 12, 2004, no pet.).

 Applicant contends, inter alia, that he was denied an opportunity to file a petition for
discretionary review because he was not timely notified that his conviction had been affirmed
on direct appeal. The trial court, based upon an affidavit from the clerk of the court of
appeals, recommended that relief be granted. The record reflects that Applicant did not
receive notice that his conviction had been affirmed on direct appeal until the deadlines for
filing a petition for discretionary review and a motion for an extension of time had passed.

 Habeas corpus relief is granted, in part, and Applicant is granted leave to file an out-of-time petition for discretionary review from his conviction in cause number W01-54952-S(A) from the 282nd Judicial District Court of Dallas County. Applicant is ordered returned
to the point at which he can file a petition for discretionary review. For purposes of the
Texas Rules of Appellate Procedure, all time limits shall be calculated as if the Court of
Appeals' decision had been rendered on the day the mandate of this Court issues. We hold
that should Applicant desire to seek discretionary review, he must take affirmative steps to
see that his petition is filed in the Court of Appeals within thirty days of the date the mandate
of this Court has issued.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469
(Tex. Crim. App. 1997).


DELIVERED: December 14, 2005

DO NOT PUBLISH